IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HG ENERGY II APPALACHIA, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 20-1698 |
| v. ) | Judge Nora Barry Fischer |
| ) | |
| CNX GAS COMPANY LLC., and, ) | |
| EQT CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION**

In this diversity action, Plaintiff HG Energy II Appalachia, LLC ("HG Energy") seeks a declaratory judgment against Defendants CNX Gas Company LLC ("CNX") and EQT Corporation ("EQT") to resolve disputed oil and gas rights concerning a number of local wells. (Docket No. 1). Presently before the Court are EQT's Motion to Enforce Settlement and Brief in Support, Plaintiff HG Energy's Response in Opposition, and EQT's Reply. (Docket Nos. 49; 50; 51; 52). After careful consideration of the parties' positions and for the following reasons, HG Energy's Complaint [1] will be dismissed, without prejudice, for lack of subject matter jurisdiction and EQT's Motion [49] will be denied, as moot, and without prejudice to it asserting its claims/defenses in an appropriate forum.

As the Court writes primarily for the parties and they are familiar with the facts of this action, it focuses on those necessary to resolve the instant motion. To that end, there are no federal question claims in this lawsuit and jurisdiction is premised on diversity of the parties pursuant to 28 U.S.C. § 1332(a). (Docket No. 1). A case management conference was held by the Honorable Robert J. Colville on May 6, 2021, discovery commenced, and the case was referred to Alternative Dispute Resolution ("ADR"), but the parties reported that they resolved the matter prior to their

participation in mediation. (Docket Nos. 30; 32; 46; 48). Given same, Judge Colville entered a standard administrative closeout order on March 22, 2022 which stated, among other things, that: "the only matters remaining to be completed are the payment of the settlement proceeds, if any, and the submission of a stipulation of dismissal under Fed. R. Civ. P. 41(a)"; the Clerk of Court shall mark the case closed; nothing in the Order "shall be considered a dismissal or disposition of the action"; and, "the Court expressly retains jurisdiction in this matter to consider any issue arising during the period when settlement is being finalized, including, but not limited to, enforcing settlement." (Docket No. 48).

  The settlement was not finalized and a stipulation for dismissal was never filed. *See* Docket Report Civ. A. No. 20-1628. Instead, nearly ten months later, on January 6, 2023, EQT filed its Motion and Brief seeking to enforce a purported settlement set forth in various correspondence between the parties, including a July 29, 2022 letter cosigned by counsel for HG Energy and CNX. (Docket Nos. 49; 50). In its response, HG Energy contends that the settlement should not be enforced because the parties are not diverse, and the Court lacks subject matter jurisdiction over this action. (Docket No. 51). As support, HG Energy points to decisions in another diversity lawsuit between it and CNX where the U.S. Court of Appeals for the Fourth Circuit vacated a summary judgment ruling, remanded the case and the U.S. District Court for the Northern District of West Virginia dismissed it for lack of subject matter jurisdiction. *See CNX Gas Company LLC v. HG Energy Appalachia, LLC*, Civ. A. No. 5:20-cv-77, Docket No. 66 (N.D. W.V. Aug. 12, 2022) (Bailey, J.). Specifically, the Court found that tracing the ownership of the named limited liability companies to their respective parent corporations resulted in a finding that they are both citizens of Delaware, destroying complete diversity of the parties. (*Id.*). In its Reply, EQT does not contest the citizenship of CNX and HG Energy but asks that the Court maintain ancillary

jurisdiction over the case under the administrative closeout order and the Supreme Court's decision in *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 379-82 (1994). (Docket No. 52). EQT alternatively suggests that the Court exercise its discretion to realign the parties as EQT v. HG Energy and CNX and enforce the purported settlement. (*Id*.).

In this Court's estimation, HG Energy is correct that this Court lacks subject matter jurisdiction over the case now that the record is clear that opposing parties HG Energy and CNX are both citizens of Delaware and neither of EQT's arguments asking the Court to resolve the parties' settlement disputes are persuasive. *See* 28 U.S.C. § 1332(a). As to EQT's assertion that the Court should maintain ancillary jurisdiction over the case, the U.S. Court of Appeals for the Third Circuit has repeatedly held that ancillary jurisdiction under *Kokkonen* only applies in situations where: (1) the case has been dismissed <u>and</u> the Court has expressly retained jurisdiction over the settlement agreement; or (2) there is an independent basis for jurisdiction. *See e.g., Dominion Dev. Grp., LLC v. Beyerlein*, 774 F. App'x 757, 759 (3d Cir. 2019). Since EQT has conceded that the parties are no longer diverse and has not argued that there is any other independent basis to exercise jurisdiction, the Court focuses on whether ancillary jurisdiction is appropriate. (*See* Docket Nos. 49; 50; 52).

Ancillary jurisdiction arises from the Court's inherent authority to enforce its own orders and necessarily flows from the incorporation of the settlement agreement into the dismissal order. *See Frederick v. Range Res.-Appalachia, LLC*, No. 22-1827, 2023 WL 418058, at *2 (3d Cir. Jan. 26, 2023) (ancillary jurisdiction "rests on a court's inherent power to enforce its orders, including orders that incorporate the terms of a settlement agreement."). Our Court of Appeals has also recognized that an administrative closeout order is not a dismissal order and does not constitute a final, appealable order. *See Freeman v. Pittsburgh Glass Works, LLC*, 709 F.3d 240, 248 (3d Cir.

2013). Rather, an administrative closeout order is "a method of reserving jurisdiction," *id.* at n.7, such that the Court maintains its original jurisdiction over the action and the parties may reinitiate proceedings by simply asking the Court to reopen the matter, as the Order entered in this case noted. (*See* Docket No. 48 ("nothing contained in this Order shall be considered a dismissal or disposition of this action, and, that should further proceedings therein become necessary or desirable, either party may initiate them in the same manner as if this Order had not been entered.")). Here, Judge Colville never dismissed the case and relinquished the original assertion of diversity jurisdiction, such that EQT cannot rely on ancillary jurisdiction as a basis for this Court to decide the parties' settlement disputes. *See Bryan v. Erie Cnty. Off. of Child. & Youth*, 752 F.3d 316, 322 (3d Cir. 2014) ("*Kokkonen* does not yet have any bearing on this dispute. In *Kokkonen*, the parties had dismissed their suit; in this case, the parties had not.").

As there is no independent basis for this Court to assert subject matter jurisdiction over this case or the settlement disputes, EQT argues that the Court should exercise its discretion to realign the parties so that the Delaware citizens, CNX and HG Energy, are on the same side and the caption would read: *EQT Corporation v. HG Energy II Appalachia, LLC and CNX Gas Company LLC*. (Docket No. 51). But, this proposal would not solve the diversity problem because CNX (including the parent company, CNX Resources Corporation) is headquartered in Canonsburg, Pennsylvania and shares the citizenship of its proposed opponent, EQT. (*See* Docket No. 1 at ¶ 3). Hence, EQT's suggestion is without merit. 28 U.S.C. § 1332(a).

Finally, while EQT complains that HG Energy delayed in objecting to subject matter jurisdiction, it is well established that "an objection to subject matter jurisdiction may be raised at any time, [and] a court may raise jurisdictional issues sua sponte," *Grp. Against Smog & Pollution, Inc. v. Shenango Inc.*, 810 F.3d 116, 122 (3d Cir. 2016). The administrative closeout order

4

specifies that the Court retained jurisdiction "to consider <u>any</u> issue arising during the period when settlement is being finalized," which would necessarily include the jurisdictional argument advanced by CNX here. (Docket No. 48 at 1 (emphasis added)). Rule 12(h)(3) instructs that "[i]f the [Court] determines at any time that it lacks subject-matter jurisdiction, the [Court] must dismiss the action." Fed. R. Civ. P. 12(h)(3). Given that the parties are not completely diverse, and the Court lacks subject matter jurisdiction over this case, it must be dismissed.

For all of these reasons, HG Energy's Complaint [1] is dismissed, without prejudice, for lack of subject matter jurisdiction and EQT's Motion [49] is denied, as moot, and without prejudice to it raising its claims/defenses in another forum. An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

Dated: June 27, 2023

cm/ecf: All counsel of record.